ALEXANDER COHEN, PLAINTIFF-APPELLANT, v. DAVID COHEN, DEFENDANT-RESPONDENT.

Submittd October 15, 1926—Decided March 23, 1927.

Bailment—Messenger Had Taken A Coat From Plaintiff to His Customer With Instructions to Allow Customer to Examine Coat, but to Return With the Money—Customer Refused to Pay the Money or Part With the Coat—Plaintiff Then Directed Defendant to Get a Policeman and Force Return of the Coat—Defendant Did Not Do This—Held, That the Verdict For Defendant was Justified—He Had Done What He Could to Recover Coat Without a Breach of the Peace.

On appeal from the Atlantic City District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Samuel Morris.*

For the respondent, *Richard Robertson.*

PER CURIAM.

This was an action to recover $50, the price of certain repairs made by plaintiff to a coat belonging to a Miss Garra, of Philadelphia. The coat was entrusted by the plaintiff to defendant, a messenger for hire between Atlantic City and Philadelphia, on a commission to deliver the coat and collect the sum of $50, but with further instructions to allow Miss Garra to examine it. The additional facts were that Cohen, the defendant, took the coat to Miss Garra, and she, in examining it, put it on, and after getting it on refused to give it up or pay the $50. The defendant telephoned to the plaintiff in Atlantic City the situation, and the plaintiff told him to get an officer and take the coat from the lady's back. Instead of doing so the defendant returned to Atlantic City without the coat. In this situation the judge rendered a ver-

dict in favor of the defendant and was, we think, justified in so doing.

The instructions of the plaintiff to the defendant implied a reasonable opportunity to examine the coat. Obviously, the purpose was that the owner should take the coat into her own physical possession temporarily, at 'least, and inspect it. Reasonable inspection might well include trying it on. Having gotten it on her person without fault in the defendant, and in compliance with the instructions received by him, it next became a question as to whether he could get the coat back without a breach of the peace. We think the case developed at this point a question of reasonable effort on the part of the defendant to fulfill the remainder of his commission. The direction of the plaintiff that he should get an officer and tear the coat from the owner's back would certainly not avail, as no officer would have a right to take upon himself the determination of the rights of the parties. If the defendant could only obtain the coat by a breach of the peace (and this the law would not permit), it would be necessary to resort to some legal proceedings, and the arbitrary action of an officer who might or might not lend himself to such course would not be such legal proceeding.

The argument of the appellant that the defendant was bound to return the money or the coat, and in default must pay the plaintiff's claim for repairs, is subject to the reasonable and proper exercise of the privilege given by the plaintiff himself. Ordinarily, of course, a carrier who undertakes to serve in such a capacity must perform his contract or pay for his breach, and the cases cited to that effect are undoubtedly sound, but in the present case the duty is subject to the privileges and conditions that the plaintiff himself imposed.

The judgment will be affirmed.